UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RYAN DUNLAP, DEANNA DUNLAP,

    Plaintiffs,

v.

CLEAR BLUE SPECIALTY INSURANCE COMPANY,

    Defendant,
_____/

Case No. 2:23-CV-00775-KCD

## ORDER

Before the Court is Defendant Clear Blue Specialty Insurance Company's Motion in Limine to Exclude Plaintiffs' Expert Witnesses. (Doc. 50.)[1] Plaintiffs Ryan and Deanna Dunlap have responded in opposition. (Doc. 57.) For the reasons below, the motion is **DENIED**.

### I. Background

This case stems from Hurricane Ian. (*See* Doc. 8 ¶ 7.) At the time of the storm, the Dunlaps' home was insured by Clear Blue Specialty Insurance Company. (*Id.* ¶ 5.) After the storm passed, the Dunlaps filed a claim for storm-related damage. Clear Blue denied coverage and refused to issue full payment

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

under the policy. (*Id.* ¶¶ 8, 20.) So the Dunlaps now sue Clear Blue for breach of contract and declaratory relief.

To prosecute their case, the Dunlaps enlisted the help of three experts: Freddy Andrade (an engineer), Dr. Tim Coleman (a meteorologist), and Justin Walls (a general contractor). Clear Blue has moved to exclude each of them. (*See* Doc. 50.) It argues exclusion is proper because the Dunlaps' expert witness disclosures were untimely and deficient. (*Id.* ¶¶ 3, 5-10, 14.)

## II. Standard of Review

Two standards govern Clear Blue's motion. The first is Rule 26 of the Federal Rules of Civil Procedure. It "requires a party to disclose the identity of any [expert] witness who may present evidence at trial." *R.W. v. Bd. of Regents of the Univ. Sys. of Ga.*, 114 F. Supp. 3d 1260, 1271 (N.D. Ga. 2015). The rule sets different disclosure requirements for retained and non-retained experts. When experts have been retained, as here, the disclosing party must do more than identify them; they must also provide "written report[s] [authored by each expert] addressing an enumerated list of topics." *Galluccio v. Wal-Mart Stores E. LP*, No. 1:20CV240-MW/GRJ, 2021 WL 5033816, at *1 (N.D. Fla. Oct. 15, 2021). And all of this must be done "at the time[] and in the sequence that the court orders." *Edmondson v. Caliente Resorts, LLC*, No. 8:15-CV-2672-T-23TBM, 2017 WL 10591833, at *12 (M.D. Fla. Aug. 31, 2017).

Yet proper disclosure under Rule 26 is just the first step in an expert's journey to trial. Before an expert may testify, a court must also find that their testimony will be reliable and relevant. *See United States v. Newball May*, 846 F. App'x 831, 836 (11th Cir. 2021). In making this determination, courts are guided by Rule 702 of the Federal Rules of Evidence. *See United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004). Under Rule 702, courts may admit expert testimony if:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998).

### III. Discussion

Andrade, Walls, and Coleman are retained experts. (*See* Docs. 50, 57.) As such, they needed to provide reports addressing the items identified in Rule 26(a)(2)(B). Just as importantly, they needed to provide their reports before the expert disclosure deadline. *See* Fed. R. Civ. P. 26(a)(2)(B); *see also Edmondson*, 2017 WL 10591833, at *12. According to Clear Blue, not one of them met these requirements.

To start, Clear Blue alleges the Dunlaps' expert witness disclosures were untimely. (*See* Doc. 50 ¶¶ 2-3.) This argument is largely grounded in a

3

misinterpretation of the Court's first scheduling order. While it is true that the Dunlaps' had 180 days to send Clear Blue their Rule 26(a)(2) disclosures, that clock did not begin until Clear Blue answered the complaint on October 5, 2023. (*See* Doc. 4 at 18-19 ("All deadlines run from the filing of a Response to the Complaint.")). Doing the math, the Dunlaps' disclosures were due on April 2, 2024. This deadline was then extended to June 1, 2024. (*See* Doc. 30.)

According to Clear Blue, it received the Dunlaps' initial expert disclosures on April 4, 2024—nearly two months before the deadline. (*See* Doc. 50 ¶ 3.) Then, on May 30, the Dunlaps informed Clear Blue that they had misidentified their general contractor—their expert was not Ron Walls, but his co-worker, Justin. (*See* Doc. 57-1 at 1.) Thus, Andrade and Walls were timely identified.

One substitution did take place after the deadline. In late June, the Dunlaps informed Clear Blue that their meteorologist, Rocco Calaci, had died, and they had retained Coleman to take his place. (Doc. 57 at 3-5.) While this came several weeks after the disclosure deadline, it doesn't appear the Dunlaps could have identified Coleman any sooner. The Court will not strike his testimony on such facts, especially considering Clear Blue never raised an issue at the time.

As mentioned, simply identifying a party's retained experts before the disclosure deadline is not enough—certain substantive requirements under

4

Rule 26(a)(2) must also be met. The Dunlaps acknowledge that their disclosures were imperfect. For instance, Andrade did not list the cases in which he has testified, nor did he provide the exhibits he will use to summarize and support his opinions. (Doc. 57 at 7.) Walls' disclosure does not include his exhibits, nor does it identify what he considered in forming his opinions. (*Id*. at 8-9.) Finally, the Dunlaps acknowledge that Coleman's disclosure was threadbare, but insist this resulted from his quick retention. (*Id*. at 10.) The parties contest whether the disclosures were deficient in other respects. (*See* Doc. 50 ¶¶ 5-12, Doc. 57 at 5-11.)

Generally, "[v]iolations of Rule 26(a)(2)(B)'s disclosure obligations require exclusion of the undisclosed information or witness unless the violation was justified or harmless." *Maylor v. Wal-Mart Stores E., LP*, No. 22-22782-CIV, 2023 WL 4363889, at *1 (S.D. Fla. June 8, 2023). "Substantial justification exists if there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request, and a failure to disclose is harmless when there is no prejudice to the party entitled to receive the disclosure." *United States v. Bacaner*, No. 8:21-CV-391-VMC-SPF, 2022 WL 824245, at *2 (M.D. Fla. Mar. 18, 2022). The Dunlaps contend that most of their shortcomings were harmless, while others were substantially justified.

5

To determine whether a Rule 26(a)(2) violation is substantially justified or harmless, courts consider five factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Dero Roofing, LLC v. Triton, Inc.*, 344 F.R.D. 566, 574 (M.D. Fla. 2023). "Ultimately, the decision on whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *SFT IV, LLC v. Great Lakes Ins.*, No. 6:23-CV-2420-ACC-RMN, 2025 WL 958197, at *5 (M.D. Fla. Mar. 12, 2025).

Having considered these factors, the Court finds the Dunlaps' shortcomings harmless. To start, the evidence Clear Blue seeks to exclude is seemingly critical to the Dunlaps' case. Clear Blue acknowledges this fact and seems to be counting on it. (*See* Doc. 50 at 1 ("Clear Blue's motion focuses on Mr. Andrade because he is Plaintiffs' cause and origin expert, and his shortcomings are ***dispositive of Plaintiffs' case***." (emphasis added)).)

To the extent Clear Blue will be surprised by anything Andrade, Coleman, or Walls have to say, it has no one to blame but itself. Clear Blue received the Dunlaps' expert disclosures between April and June last year—months before discovery closed. (*See* Doc. 42, *see also* Doc. 50 ¶¶ 3, 8.) And as best the Court can tell, Clear Blue believes the alleged deficiencies are

6

glaringly obvious. (*See* Doc. 50 ¶¶ 5-7, 10, 12.) Yet Clear Blue appears to have stuck its head in the sand. Notably, it does not say what steps, if any, it took to raise the issues outlined in its motion with the Dunlaps. *See Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 1:11-CV-01094-JEC, 2013 WL 1189493, at *8 (N.D. Ga. Mar. 21, 2013). Nor does it appear to have asked for more specific disclosures. And it never raised the issue with the Court. Had it done any of these things, Clear Blue could have cured the surprise it now complains of well before discovery closed.

But asserting prejudice appears to have been the point. As best the Court can tell, Clear Blue made a strategic choice to "l[ie] in wait, hoping [the Dunlaps'] non-compliance would doom [their] ability to offer any expert testimony." *Id.* That kind of gamesmanship is unacceptable. *See Rose v. Costco Wholesale Corp.*, No. 22-CV-23700, 2023 WL 4561046, at *1 (S.D. Fla. July 17, 2023); *Landivar v. Celebrity Cruises, Inc.*, 340 F.R.D. 192, 196 (S.D. Fla. 2022); *Galluccio v. Wal-Mart Stores E. LP*, No. 1:20CV240-MW/GRJ, 2021 WL 5033816, at *2 (N.D. Fla. Oct. 15, 2021); *Torres v. Wal-Mart Stores E., L.P.*, 555 F. Supp. 3d 1276, 1299 (S.D. Fla. 2021). "[I]f an issue about a party's disclosure obligations arises, the parties **must** work to resolve it **before** seeking the severe sanction of excluding an expert's testimony." *Maylor v. Wal-Mart Stores E., LP*, No. 22-22782-CIV, 2023 WL 4363889, at *3 (S.D. Fla. June 8, 2023) (emphasis added). "When, as here, a party fails to promptly seek enforcement

7

of his rights, any prejudice suffered arises largely from the party's own inaction." *Id*.

Clear Blue's lie-in-wait strategy suggests the Dunlaps' disclosures "should be considered substantially justified or harmless." *Galluccio*, 2021 WL 5033816, at *2. Against this backdrop, the Court will not exclude the Dunlaps' experts under Rule 26. *See, e.g.*, *Kroll v. Carnival Corp.*, No. 19-23017-CIV, 2020 WL 4926423, at *5 (S.D. Fla. Aug. 20, 2020).

That brings us to Rule 702 and *Daubert*. (*See* Doc. 50 at 6-11, 16-21.) Here, Clear Blue focuses on Andrade. (*See id*. ¶¶ 18-33.) It presses three main arguments in support of excluding him under Rule 702: (1) Andrade "does not provide a description of the methodology he used to formulate his opinions," (2) his findings are not "supported by sufficient reasoning or specific evidence," and (3) his opinions about the roof deck are refuted by photographic evidence, demonstrating that his opinions are not based on verifiable data. (*See id*. ¶¶ 19, 21-22, 24, 26-31.) These arguments are directed at the second and third prongs of the Court's analysis. *See Frazier*, 387 F.3d at 1260.

As a quick refresher, the second consideration under Rule 702 is whether "the methodology by which the expert reaches his conclusions is sufficiently reliable[.]" *Id*. While this inquiry is "flexible," it requires the expert to provide "some rational connection between the methodology and the opinion— something that explains how the application of the methodology permits the

conclusion(s) reached." *Easter v. UNUM Life Ins. Co. of Am.*, No. 2:23-CV-52-JES-KCD, 2024 WL 3755805, at *4 (M.D. Fla. Aug. 12, 2024); *see also Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1322 (11th Cir. 2022) ("If an expert is relying solely or primarily on experience, then [he] must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts."). This amounts to the expert showing there are "good grounds [for his opinion], based on what is known." *Frazier*, 387 F.3d at 1261.

The Court is satisfied that Andrade's opinions derive from a sufficiently reliable method. Andrade (a licensed professional engineer) inspected the property, reviewed statements from its owner, studied the property appraiser's records, considered data concerning the local impacts of Hurricane Ian, analyzed the building's envelope using the standards in the American Society of Civil Engineer Manual, and applied a process of elimination to determine what damaged the property. (*See* Doc. 50-2 at 12:20-23; 17:24-25; 18:1-2; 12-25; 19:1-11; 20:5-16; 52:6-25; 53:1-2; 59:7-25; 60:1-19.) Courts have found similar methods sufficient. *See Compass Point Condo. Owners' Ass'n, Inc. v. Landmark Am. Ins. Co.*, No. CV 22-00257-JB-C, 2024 WL 3331010, at *9 (S.D. Ala. Feb. 26, 2024); *Banta Props., Inc. v. Arch Specialty Ins. Co.*, No. 10-61485-CIV, 2011 WL 13096149, at *3–4 (S.D. Fla. Dec. 20, 2011).

To the extent Clear Blue believes Andrade misunderstood relevant facts or reached the wrong conclusion, those concerns go to the weight and credibility of his opinions, not their admissibility. *See Compass Point*, 2024 WL 3331010, at *9. So too do Clear Blue's arguments that Andrade should have engaged in more sophisticated testing or analysis. *See Lebron v. Royal Caribbean Cruises, Ltd.*, 2018 U.S. Dist. LEXIS 124815, *35 (S.D. Fla. July 26, 2018).

One more point on reliability. Despite Clear Blue's complaints about Andrade's methodology, its own expert appears to have done the same thing. (*See* Doc. 51-2.) That suggests Andrade's methodology "enjoys at least some level of acceptance." *Lebron*, 2018 U.S. Dist. LEXIS 124815, at *32; *see Portis v. State Farm Fire & Cas. Co.*, No. 1:15-CV-3949-MHC, 2017 WL 3499873, at *8 (N.D. Ga. Apr. 11, 2017).

With that, the Court turns to the third prong of Rule 702—whether "the testimony [will] assist[] the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *Frazier*, 387 F.3d at 1260. "Commonly referred to as the helpfulness inquiry, expert testimony can properly be applied and is helpful if it relates to any issue in the case and if it concerns matters that are beyond the understanding of an average lay person." *Corbin v. Prummell*, No. 2:22-CV-394-JES-KCD, 2024 WL 3534130, at *4 (M.D. Fla. July 25, 2024).

The Court is similarly satisfied that Andrade's testimony will help the jury. As the Dunlaps' causation expert, Andrade explained during his deposition how his education, training, and experience—in addition to the research he performed in formulating his opinions—led him to conclude that Hurricane Ian is to blame for the damage at issue. The subject of his testimony also falls outside the average person's understanding, since "most people do not possess the requisite specialized knowledge and training" that he applied in reaching his opinions. *QBE Ins. Corp. v. Jorda Enters., Inc.*, No. 10-21107-CIV, 2012 WL 913248, at *4 (S.D. Fla. Mar. 16, 2012). Andrade's testimony therefore meets the reliability and helpfulness requirements of Rule 702.

One last thing. Should the Court find, as it has, that Andrade's opinions satisfy Rule 702, Clear Blue asks that his testimony be limited to only those "opinions and statements actually included in the report." (Doc. 50 ¶ 34.) The Court declines to enter such a restrictive order. "Rule 26 does not limit an expert's testimony simply to reading his report. The Rule contemplates that the expert will supplement, elaborate upon, and explain his report in his oral testimony." *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 282 F.R.D. 655, 663 (M.D. Fla. June 4, 2012). That's not to say Andrade may testify to whatever he likes at trial. Should he begin to wander far afield from the opinions expressed in his report, Clear Blue may raise timely objections.

Accordingly, it is now **ORDERED**:

Defendant Clear Blue Specialty Insurance Company's Motion in Limine to Exclude Plaintiffs' Expert Witnesses (Doc. 50) is **DENIED**.

**ENTERED** in Fort Myers, Florida on April 22, 2025.

Kyle C. Dudek
United States Magistrate Judge