UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RYAN DUNLAP, DEANNA
DUNLAP,

        Plaintiffs,

      v.

CLEAR BLUE SPECIALTY
INSURANCE COMPANY,

        Defendant,

_____/

Case No. 2:23-cv-775-KCD

## ORDER

After Clear Blue Specialty Insurance Company denied Plaintiffs' insurance claim from Hurricane Ian, they sued, alleging breach of contract and declaratory relief. Clear Blue now moves for summary judgment. (Doc. 51.)[1] Plaintiffs have responded, making the matter ripe. (Doc. 59.)[2] For the reasons below, Clear Blue's motion is denied.

## I. Background

Following the hurricane, Clear Blue retained an engineer, GeoHazard Engineering, to investigate Plaintiffs' claim. GeoHazard issued a report concluding that much of the damage was preexisting. (Doc. 51-2.) Pertinent

---

[1] Clear Blue's motion is not paginated, so the Court uses the page numbers generated by the CM/ECF systems.

[2] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

here, GeoHazard opined that damage to a third-floor deck was long-term degradation and not wind-related. And moisture intrusion and structural issues pointed to long-term exposure and lack of maintenance. (*Id.* at 5-6.) Thus, coverage on the claim was limited to wind damage around the exterior, with the roof and decks not covered. (Doc. 54-1 at 2.) In the end, Clear Blue estimated the loss below the $30,000 deductible. (Doc. 51-4.)

Plaintiffs disagreed with Clear Blue's assessment. They claimed that the storm damaged the roof, causing water leaks. Plaintiffs' expert, Justin Walls (a general contractor), estimated the hurricane-related damage at $314,840.78. (Doc. 50-1.) Another expert, Freddy Andrade (an engineer), after inspecting the property and reviewing historical aerial images, also attributed the roof damage to Hurricane Ian. (Doc. 51-3 at 142:10-20, 143:2-7.)

## II. Legal Standard

Sitting in diversity, the Court applies Florida substantive and federal procedural law. *Glob. Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1027 (11th Cir. 2017). Granting summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is considered "genuine" only if "a reasonable jury could return a verdict for the non[-]moving party." *Anderson v. Liberty Lobby, Inc.*, 477

2

U.S. 242, 248 (1986). "A fact is material for the purposes of summary judgment only if it might affect the outcome of the suit under the governing law." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005).

"The moving party bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the [record], which it believes demonstrate the absence of a genuine issue of material fact." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). If the movant can show that no evidence supports the non-moving party's case, "[t]he burden then shifts to the non-moving party, who must go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

In deciding whether a genuine dispute of material fact exists, "courts should view the evidence and all factual inferences therefrom in the light most favorable to the [opposing] party." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999). "If the record presents disputed issues of fact, the court may not decide them; rather, [it] must deny the motion and proceed to trial." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012). Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. Discussion

Clear Blue offers two grounds for summary judgment. The first is causation—Plaintiffs provide no evidence that the hurricane damage exceeds the deductible. And second, Plaintiffs are barred from recovery because they did not comply with two conditions of the policy. (Doc. 51.) These arguments are addressed in turn.

### A. Causation

Clear Blue's causation argument hinges on the Court excluding Plaintiffs' expert witnesses. If that happens, Plaintiffs will have no evidence to prove Hurricane Ian caused the loss. (Doc. 51 at 6.) But the Court denied Clear Blue's *Daubert* motion. (Doc. 58.) Given that ruling, and after considering the evidence and drawing all reasonable inferences in Plaintiffs' favor, there is clearly a dispute about causation. Indeed, the parties' experts are nearly $300,000 apart on their estimates. We need look no further than the roof to get the point. Plaintiffs' expert claims that water leaked into the property through an opening in the roof (which is a covered peril) and caused nearly $60,000 in damage. (Docs. 50-1 at 209; 50-2 at 31-32.) But Clear Blue's engineer found zero hurricane damage to the roof. Instead, all damage was attributable to wear and tear. (Doc. 51-2 at 6.)

Thus, the record contains a genuine issue of material fact: whether age caused the water intrusion, as Clear Blue's expert claims, or if hurricane-

4

force winds caused the roofing system to fail, as Plaintiffs contend. The Court cannot weigh the credibility of either conclusion. *See Phillips v. Cohen*, 400 F.3d 388, 399 (6th Cir. 2005). "[C]ompeting expert opinions present the classic battle of the experts and it [is] up to a jury to evaluate what weight and credibility each expert opinion deserves." *Id.* "It is the jury's task—not [the court's]—to weigh conflicting evidence and inferences, and determine the credibility of witnesses." *Shannon v. Bellsouth Telecommunications, Inc.*, 292 F.3d 712, 715 (11th Cir. 2002). At bottom, the jury could very well believe that the hurricane damage is over the $30,000 deductible, making summary judgment inappropriate.

To avoid this result, Clear Blue argues that Plaintiffs' experts are unreliable and unpersuasive. But the Court cannot "determine during summary judgment whether Plaintiff's or Defendant's experts are more credible or persuasive." *Arthur v. Thomas*, 974 F. Supp. 2d 1340, 1352 (M.D. Ala. 2013); *see also Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013) ("Even if a district court believes that the evidence presented by one side is of doubtful veracity, it is not proper to grant summary judgment on the basis of credibility choices."). Credibility is "ordinarily the province of the fact-finder at trial." *Arthur*, 974 F. Supp. 2d at 1352. On the record before the Court, the issue of causation is a matter for the jury.

## B. Fraud and Concealment provision

Next up, Clear Blue argues that Plaintiffs' recovery is barred because they claimed coverage for damage that predates the storm and was not caused by Hurricane Ian, thus violating the Policy's Concealment or Fraud provision:

**SECTION I – CONDITIONS**

\*\*\*

R. Concealment or Fraud. We provide coverage to no "insureds" under this policy if, whether before or after a loss, an "insured" has: 1. Intentionally concealed or misrepresented any material fact or circumstance; 2. Engaged in fraudulent conduct; or 3. Made false statements; relating to this insurance.

(Doc. 51-1.)

Clear Blue focuses on a hole in the third-floor deck, arguing that although Plaintiffs made a claim for the damage, it was not attributable to Hurricane Ian but the result of long-term deterioration and maintenance failures. This fact is apparently confirmed by Clear Blue's forensic engineer using historical aerial photos from the underwriting file. (Docs. 51 at 4; 50-3 at 14.)

While Clear Blue did not explicitly plead fraud, affirmative defense number 10 pleads a catch-all for any applicable policy exclusion. (Doc. 13 at 20.) "[T]he general rule is that failure to plead an affirmative defense constitutes waiver," and fraud is one of the defenses specifically listed in

6

Federal Rule of Civil Procedure 8(c). *First Nat'l Bank of Oneida, N.A. v. Brandt*, 851 F. App'x 904, 907 (11th Cir. 2021). The Eleventh Circuit, however, has held that "[w]hen a plaintiff has notice that an affirmative defense will be raised at trial, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice [a]nd . . . it is not error for the trial court to hear evidence on the issue." *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988).

It isn't clear when Clear Blue raised the Concealment or Fraud provision. Thus, to argue it on summary judgment is prejudicial to Plaintiffs. Plaintiffs also allege (and Clear Blue does not refute) that Clear Blue never provided the underwriting photo report to Plaintiffs during discovery, further prejudicing their ability to confront the allegations. (Doc. 59 at 5-6.)

In any event, Clear Blue has not presented sufficient evidence to establish that Plaintiffs committed fraud or mispresented the damages. "[C]ases in which the underlying issue is one of motivation, intent, or some other subjective fact are particularly inappropriate for summary judgment." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1243 (11th Cir. 2013) (per curiam). Thus, summary judgment based on the Concealment or Fraud provision is denied. Clear Blue, however, may raise this defense at trial because Plaintiffs have been put on notice as to this defense.

**C. Suit Against Us provision**

Finally, Clear Blue claims that Plaintiffs failed to comply with the Suit

Against Us provision by making a claim for preexisting damages that are

excluded under Section I of the Policy:

> **H. Suit Against Us**
>
> No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss.

(Doc. 51-1.)

> **Section I – Exclusions**
>
> A. We do not insure for loss caused directly or indirectly by any of the following.
>
> ***
>
> 3. Faulty, inadequate or defective:
>
> > a.  Planning, zoning, development, surveying, siting;
> > b.  Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
> > c.  Materials used in repair, construction, renovation or remodeling; or
> > d.  Maintenance; of part or all of any property whether on or off the "residence premises".
>
> ***
>
> 5. Neglect
>
> Neglect means neglect of an "insured" to use all reasonable means to save and preserve the property at and after the time of a loss.

(*Id.*) Clear Blue claims that Plaintiffs failed to properly maintain the roof and deck, and their purported experts sought to attribute preexisting damages to Hurricane Ian.

The insurer has the burden of proving the applicability of any exclusion under a policy. *U.S. Concrete Pipe Co. v. Bould*, 437 So. 2d 1061, 1065 (Fla. 1983); *Herrera v. C.A. Seguros Catatumbo*, 844 So. 2d 664, 668 (Fla. Dist. Ct. App. 2003). "[W]hen an insurer relies on an exclusion to deny coverage, it has the burden of demonstrating that the allegations of the [underlying] complaint are cast solely and entirely within the policy exclusion and are subject to no other reasonable interpretation." *Castillo v. State Farm Fla. Ins. Co.*, 971 So. 2d 820, 824 (Fla. Dist. Ct. App. 2007). Exclusionary clauses are disfavored and are "always strictly construed" for the broadest coverage. *Westmoreland v. Lumbermens Mut. Cas. Co.*, 704 So. 2d 176, 179-80 (Fla. Dist. Ct. App. 1997) (ruling that if an exclusion is not stated with sufficient clarity, then the rule of strict construction requires a construction for the insured).

Having considered the record, the Court finds that Clear Blue is not entitled to summary judgment based on the Suit Against Us provision. As discussed, factual issues remain to be adjudicated at trial on the extent of the damages caused by Hurricane Ian versus what was caused by inadequate maintenance. The Court may not weigh conflicting evidence to resolve

disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *Skop v. City of Atlanta, GA*, 485 F.3d 1130, 1140 (11th Cir. 2007). Here, Plaintiffs have produced sufficient evidence in support of their allegations to survive summary judgment—specifically, expert testimony of hurricane damage. *See Sunshine State Ins. Co. v. Corridori*, 28 So. 3d 129, 131 (Fla. Dist. Ct. App. 2010).

Accordingly, it is **ORDERED**:

Defendant's Motion for Summary Judgment (Doc. 51) is **DENIED**.

**ENTERED** in Fort Myers, Florida on May 30, 2025.

Kyle C. Dudek
United States Magistrate Judge